UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND BRIAN RUIZ,<br><br>                  Plaintiff,<br><br>    v.<br><br>ANTHONY ASTON, *et al.*,<br><br>                  Defendants. | Case No. C18-1054-JCC-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Raymond Ruiz asserts in his civil rights complaint that his due process rights were violated during the course of his confinement at the Snohomish County Jail in the summer of 2015. Plaintiff also asserts tort claims arising under the Washington State Constitution. Plaintiff identifies Snohomish County Jail Bureau Chief Anthony Aston and Snohomish County Corrections Sergeant Scott Lewis as defendants in this action. Plaintiff seeks declaratory relief and damages. Defendants now move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not filed any response to defendants' motion to dismiss. The Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion to dismiss

REPORT AND RECOMMENDATION
PAGE - 1

should be granted and this action should be dismissed with prejudice.

## DISCUSSION

Plaintiff asserts in his complaint that on August 24, 2015, while confined at the Snohomish County Jail, he was transferred from his general population housing module to the maximum security module, but was not told why. (*See* Dkt. 7 at 5.) Plaintiff further asserts that he thereafter attempted to find out why he was being held in maximum security, but it was not until September 2, 2015, after filing a formal grievance, that he was told he had been classified to maximum security housing because Sergeant Scott Lewis had written him up for sexual harassment on August 24, 2015. (*Id*. at 6.) Plaintiff claims that he never received notice of any rule violation and was never afforded any hearing during the ten days he was confined in maximum security housing, and that Sergeant Lewis intended to punish him by placing him in the more restrictive maximum security housing module, all in violation of his rights under the federal and state constitutions. (*Id*. at 6, 8-9.) Plaintiff further claims that Chief Aston violated his federal and state constitutional rights as well because he witnessed, but failed to correct, Sergeant Lewis's unlawful actions. (*Id*. at 9.)

Defendants move to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th

REPORT AND RECOMMENDATION
PAGE - 2

Cir. 1992).  However, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).

    1.    <u>Federal Claims</u>

Defendants argue in their motion to dismiss that plaintiff's complaint in this action is materially identical to a lawsuit filed by plaintiff in 2016, *Ruiz v. Lewis*, C16-23-RAJ, which was dismissed on summary judgment, and that *res judicata* bars re-litigation of this case. (*See* Dkt. 12 at 5-7.)  The doctrine of *res judicata* "bar[s] litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).  *Res judicata* is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id*.  Identity of claims exists when two suits arise from "the same transactional nucleus of facts." *Id*. at 714.  Privity between parties exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotations and citations omitted).

In his previous action, C16-23-RAJ, plaintiff alleged that Sergeant Lewis violated his due process rights, and state law, when he had plaintiff moved to the maximum security unit on August 24, 2015 pending reclassification. *See* C16-23-RAJ, Dkt. 10 at 3-4.  Plaintiff claimed that while confined in maximum security housing from August 24, 2015 to September 3, 2015, he never received a rule violation or a hearing, and he never had a clear understanding of why he was there. C16-23-RAJ, Dkt. 10 at 3.  Sergeant Lewis moved for summary judgment in that action and, on October 3, 2016, the motion for summary judgment was granted by United States District Judge

Richard A. Jones, upon recommendation of the undersigned. *See id.*, Dkts. 23, 28, 29. The action was dismissed with prejudice as to plaintiff's federal constitutional claims, and without prejudice as to plaintiff's pendant state law claims, and judgment was entered in favor of Sergeant Lewis on October 3, 2016. *Id.*, Dkts. 28, 29, 30.

Plaintiff, in this action, once again seeks to challenge on due process grounds his placement in the maximum security unit at the Snohomish County Jail between August 24, 2015 and September 3, 2015. This issue was clearly litigated and conclusively resolved in plaintiff's prior action. As to the issue of privity between the parties, Sergeant Lewis was a party to the previous action and therefore is obviously in privity. Chief Aston was not a party to the previous action, but there can be no question that he and Sergeant Lewis share the same interests in relation to the claims asserted by plaintiff, and that those interests were adequately represented in the prior action. Thus, Chief Aston is clearly in privity with Sergeant Lewis. As all requirements for the application of *res judicata* have been met, plaintiff is barred from re-litigating his federal constitutional claims in this action.

2. <u>State Claims</u>

As noted above, in addition to the federal constitutional claims asserted against defendants in plaintiff's complaint, plaintiff also asserts tort claims arising under the Washington Constitution. However, as defendants correctly note, Washington courts have consistently refused to recognize a cause of action in tort for violations of the state constitution. *See Janaszak v. State of Washington*, 173 Wn. App. 703, 723-24 (2013) (citing *Blinka v. Washington State Bar Ass'n*, 109 Wn. App. 575, 591 (2001)). Thus, plaintiff's state constitutional claims are not cognizable and must be dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, this Court recommends that defendants' motion to dismiss be granted, and that plaintiff's complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on November 30, 2018.

DATED this 5th day of November, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5